[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 4, 1995 Mario Solla as parent and next of friend of Maria Solla filed a three count complaint sounding in negligent supervision against the City of Waterbury, the principal and a substitute teacher at West Side Middle School. The following facts are alleged in the plaintiffs' complaint. On January 29, CT Page 1638 1993, while in class at West Side Middle School, a classmate of the plaintiff threw a metal chair that struck her in the head. As a result, the plaintiff suffered the following injuries: cervical sprain; lumbar sprain; abrasions to her head; abrasions to her forehead; scarring to her head; scarring to her forehead; pain, suffering and discomfort; emotional upset and mental anguish and; dizziness, anxiety, fatigue, nausea, and insomnia.
On July 15, 1997, the defendants collectively filed an answer and three special defenses to the plaintiffs' complaint. The third special defense alleges, "[t]he Defendants, Martin J. Scully, Lori Stroud and the City of Waterbury are not liable for the damages and losses claimed by the plaintiff in that said damages and losses resulted from acts or omissions of someone other than an employee, officer or agent of the City of Waterbury in accordance with Connecticut General Statutes [§ ]52-557n(b)(6)."
On July 23, 1997, the plaintiffs filed a motion to strike the defendants' third special defense on the ground that the special defense speaks to a claim of apportionment of liability which is improperly asserted as a special defense.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994); Practice Book § 151. "[A] plaintiff can [move to strike] a special defense . . ." Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "In . . . ruling on the . . . motion to strike, the trial court recognized it obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992).
The plaintiffs argue that the defendants' third special defense speaks to a claim of apportionment liability which is improperly asserted as a special defense. The plaintiffs further contend that the defendants must serve an apportionment complaint if they wish to apportion liability among persons not a party to the present action. The defendants' response to this argument is that its third special defense is a claim of governmental immunity which is permitted by General Statutes § CT Page 163952-557n(b)(6). The defendants also contend that governmental immunity must be raised as a special defense. Therefore, the defendants argue that the plaintiffs' motion to strike should be denied because its third special defense is legally sufficient.
General Statutes § 52-557n(b) states in relevant part, "[n]otwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from: . . . (6) the act or omission of someone other than an employee, officer or agent of the political subdivision." General Statute § 52-557n was "intended, in a general sense, both to codify and to limit municipal liability . . . ." (Citations omitted; internal quotation marks omitted.) Conway v. Town of Wilton, 238 Conn. 653, 672,680 A.2d 242 (1996). See also Gordon v. Bridgeport Housing Authority,208 Conn. 161, 183, 544 A.2d 1185 (1988); Elliot v. City ofWaterbury, Superior Court, judicial district of Waterbury, Docket No. 117411 (March 26, 1997, Pellegrino, J.) ("The purpose of the enactment of the statute [is] to protect municipalities from liability when the municipality is not directly negligent.")
Accordingly, General Statutes § 52-557n(b)(6) provides a defense of governmental immunity. Further, a claim of governmental immunity procedurally must be raised in the form of a special defense or a motion to strike. Brown v. Branford,12 Conn. App. 106, 111 n. 3, 592 A.2d 743 (1987).[1] The defendants raised its claim of governmental immunity in a special defense. Therefore, the plaintiffs' motion to strike the defendants' third special defense is denied because the special defense is legally sufficient.
Kulawiz, J.